

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable J. N. Bauldwin
County Attorney, Johnson County
Cleburne, Texas

Dear Sir:

Opinion No. O-6044
Re: Whether acts of county
commissioner violated
Articles 371 and 373,
Penal Code of Texas.

We have received your recent request for an opinion and quote from same as follows:

"One of the members of the Commissioners' Court of this county has been engaged in the wholesale lumber business for the past several months; he operates a truck and goes to several saw mills in east Texas and buys lumber direct from the mills; he buys various kinds of lumber and whenever possible, he buys lumber suitable for bridge building.

"He sells this lumber to various lumber yards in this part of the State and has sold bridge lumber to at least five different counties in this vicinity. He has sold to at least three different lumber yards in the County. The yards here take whatever kind of lumber he is able to supply. Some of the lumber sold to the local yards was suitable for bridge building and possibly on one occasion he sold to one of the yards in this County an entire load of bridge lumber.

"The other three members of the Commissioners' Court have heretofore bought from these local yards some of the indentical bridge lumber that this Commissioner sold to the yards, and used it in repairing and building bridges in their respective precincts. I also understand that this particular Commissioner has purchased from some of the local yards some of the identical bridge lumber that he had previously sold the yards, and used it in repairing and building bridges in his precinct. The material in each of such instances was paid for by the County, and the price paid for the material was the same price that any individual would

have had to pay for this kind of material.

"I do not have any information that there existed any agreement or understanding between the local lumber yards and the Commissioner, that he, or any other Commissioners of the county would purchase at retail any part of the lumber the yard were buying from him.

"Would the purchasing of this identical bridge lumber from the local yards by the other three members of the Commissioners' Court, to be used in bridge repairing and building in their respective precincts, be a violation of either Art. 371 or Art. 373 of our Penal Code?

"Would the purchasing of this identical bridge lumber from the local yards by this particular Commissioner, to be used in bridge repairing and building in his precinct, be a violation of either Art. 371 or Art. 373, of our Penal Code?"

Article 371, Penal Code of Texas, reads as follows:

"Any officer of any county or of any city or town who shall contract directly or indirectly, or become in any way interested in any contract for the purchase of any draft or order on the treasurer of such county, city or town, or for any jury certificate or any other debt, claim or demand for which said county, city or town may or can in any event be made liable, shall be fined not less than ten nor more than twenty times the amount of the order, draft, jury certificate, debt, claim or liability so purchased or contracted for. Within the term 'officer,' is included ex-officers until they have made a final settlement of their official accounts."

Article 373, Penal Code of Texas, reads as follows:

"If any officer of any county, or of any city or town shall become in any manner pecuniarily interested in any contracts made by such county, city or town, through its agents, or otherwise, for the construction or repair of any bridge, road, street, alley or house, or any other work undertaken by such county, city or town, or shall become interested in any bid or proposal for such work or in the purchase or sale of anything

made for or on account of such county, city or town, or who shall contract for or receive any money or property, or the representative of either, or any emolument or advantage whatsoever in consideration of such bid, proposal, contract, purchase or sale, he shall be fined not less than fifty nor more than five hundred dollars."

Under the above facts submitted by you, it seems clear that the bridge lumber purchased by the Commissioners for the use and benefit of the county was purchased from your local lumber yard and not from your commissioner. Under well settled principles of law we must presume, in the absence of facts to the contrary, that your commissioner owned no interest in such bridge lumber at the time same was purchased for the county. You also state in your letter that you know of no agreement or understanding between the lumber yard and the commissioner making the sale of such lumber to the lumber yard, that would indicate same was other than a bona fide sale.

We do not believe that the acts described in either of your questions constitute per se violations of the hereinabove set out penal statutes.

Trusting we have answered your inquiry satisfactorily, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED MAY 31, 1944

*Grover Sellers*

ATTORNEY GENERAL OF TEXAS

By *Robert L. Lattimore Jr.*

Robert L. Lattimore, Jr.
Assistant

RLL:EP



APPROVED
OPINION
COMMITTEE
BY *BWB* CHAIRMAN